Matter of Malcolm M.L. (Ruby C.) (2019 NY Slip Op 08149)





Matter of Malcolm M.L. (Ruby C.)


2019 NY Slip Op 08149


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10202

[*1] In re Malcolm M.L., Jr., A Child Under the Age of Eighteen Years, etc., Ruby C., Respondent-Appellant, Cardinal McCloskey Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Monica D. Shulman, J.), entered on or about August 6, 2018, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Administration for Children's Services for the purposes of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to encourage and strengthen the parental relationship by devising an appropriate service plan for the mother, which included referring her to family therapy and scheduling and facilitating visitation with the child (Social Services Law § 384-b[7][f]; Matter of Frank Enrique S. [Karina Elizabeth F.], 168 AD3d 539, 540 [1st Dept 2019]).
Despite the agency's efforts, including encouraging the mother to commence family therapy with the child and offering to call the family therapist with the mother to schedule intake, the mother failed to comply with the referrals by attending family therapy, a key component to her reunification plan (Matter of Zariah M.E. [Alexys T.], 171 AD3d 607 [1st Dept 2019]). The mother also failed to visit the child consistently, attending less than half of the permitted visits, which in itself constituted a ground for the finding of permanent neglect (Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights was in the best interests of the child (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment was not appropriate, given the mother's repeated failure to engage in family therapy, which was an important aspect of her reunification plan, her inconsistency in visiting the child, and the fact that the child's special needs are being met in his foster home, where he has resided for the last eight years and where he has bonded with the foster family, which wishes to adopt him (Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 580 [1st Dept 2018]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK